# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

_____

**In re:**
**GEI HOLDINGS, LLC**                                                  Case No.: 16-24991

                                                                      Judge  JKS

**DEBTOR IN POSSESSION**

                                                                      Chapter 11

_____

### MOTION OF DEBTOR TO SELL REAL PROPERTY

**NOW INTO COURT,** through undersigned counsel, comes the Debtor in Possession, GEI Holdings, LLC, who respectfully submits this Motion for an Order pursuant to 11 U.S.C. §§ 105 and 363 and rules 2002(a)(1) and 6004 of the Federal Rules of Bankruptcy Procedure and in support thereof states

### JURISDICTION

1.	This court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

2.	This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) (A), (M), and (N).

### BACKGROUND

3.	On August 4, 2016 (the "**Petition Date**"), GEI Holdings, LLC (the "**Debtor in Possession or D.I.P.**") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**").

4.

5. On August 5, 2016 Gloria R. Buckley legal counsel filed a notice of appearance for creditor Wilmington Trust, N.A. (the **"Creditor"**)

6. On August 9, 2016, Creditor, filed a Relief Stay Motion under shorten time.

7. On August 10, 2016 the case was reassigned from Hon. Judge Vincent Papalia to Hon. Judge John K. Sherwood.

8. On August 10-12 Creditor filed a Motion for Relief from Stay with regards to Debtor properties located at 140-142 Huntington Terrace, 432-434 Leslie Street, 250 & 252 Clinton Place, Newark, 229 Columbia, and 137-139 Carolina Avenue a hearing date was set for August 23, 2016.

9. On August 23, 2016 Creditor's motion was heard with the following outcome: Debtor to pay adequate protection to creditor in the amount of $2,500.00 by 9/1/16, and pay $5,000.00 to creditor on 9/7/16, debtor to retain new counsel by 9/12/16 and file Sales Motion on Shorten Time.

10. On August 28, 2016 Debtor substituted attorneys from John Wise, Esq. of Goodson Law Offices, LLC to Robert Davis, of Davis Law Center, LLC.

## PROPOSED SALE OF DEBTOR'S PROPERTY

11. Debtor is the sole owner of the following properties:

   a. 137-139 Carolina Avenue, Irvington, NJ 07111 (block 54.1 Lot 2)

   b. 140-142 Huntington Terrace, Newark, NJ, 07112 (block 3627 Lot 27)

   c. 229 Columbia Avenue, Irvington, NJ 07111 (Block 65 Lot 3)

   d. 250 Clinton Place, Newark, NJ 07112

   e. 252 Clinton Place, Newark, NJ 07112

    f. 433-434 Leslie Street, Newark, NJ 07112

12. As of the Petition Date, the Debtor valued the Debtor's interest in the aforementioned properties is $ 810,000.00.

13. By this motion Debtor seeks authority, to sell by private sale to Buyers, substantially all of the assets of Debtor, free and clear of all liens, claims, interests and encumbrances, (the **"Purchased Assets"**).

14. Debtor has entered into three (3) separate arms-length contracts to sell the following properties. The total purchase price for the Purchased Assets shall be Seven Hundred Eighty-Three Thousand Dollars **($783,000.00).** True and correct copies of the Contracts of Sale are attached hereto as Exhibit A-C.

    a. 137-139 Carolina Ave, Irvington, NJ 07111 (Purchaser: (David J. Tucker, contract price **$249,000.00).** (exhibit A)

    b. 229 Columbia Avenue, Irvington, NJ 07111 (Purchaser: Jamal Hawkins, contract price **$249,000.00)** (exhibit B)

    c. 140-142 Huntington Terrace, Newark, NJ 07112 (Purchaser: Linda Gindi, contract price **$285,000.00)** (exhibit C)

15. Said properties are encumbered by a mortgage held by a single creditor; Wilmington Trust National Association as Trustee on Behalf of the Holders of B2R Mortgage Trust 2015-1 Mortgage Pass-Through Certificates, in the total amount of **$927,294.39.**

16. From the proceeds of the Sale, the Debtor proposes to pay the costs of the sale, including reasonable attorney's fees, real estate commissions and taxes. In addition, Debtor proposes to pay Creditors that have an undisputed secured interest in the property order of priority, as of the date of closing. The Debtor estimates that, after the payment of the costs of

sale, satisfaction of secured liens, approximately $ _____ in net proceeds will be realized from the sale, which leaves approximately $ _____ to pay towards valid claims against the estate pursuant to the priorities set forth in 11 U.S.C. §726.

## **NECESSITY OF AND AUTHORITY TO APPROVE SALE OF THE PURCHASED ASSETS; THE SALE IS IN THE BEST INTERESTS OF THE DEBTOR**

17.      By this Motion, the Debtor seeks the authority to sell the Purchases Assets to the Buyers by a private sale pursuant to § 363 (b) of the Bankruptcy Code. § 363(b) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use sell, or lease other than in the ordinary course of business, property of the estate" Section 1107(a) of the Bankruptcy Code vests a debtor with the rights and powers of a trustee serving in a chapter 11 case including sales under § 363(b) of the Bankruptcy Code. See U.S.C. §.1107(a).

18.      Although § 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale lease or property of the estate, courts have found that a debtor's sale or use of assets outside the ordinary course of business should be approved if the debtor can demonstrate a sound business justification for the proposed transaction. See, e.g. *In re Eagle Picher Holdings, Inc.* 2005 Bankr. LEXIS 2894, at 3 (Bankr. S.D. Ohio 2005); *In re Nicole Energy Service, Inc.*, 385 B.R. 201, 210 (Bankr. S.D. Ohio 2008) ("Under the law of this Circuit, the Court may approve a sale of all of a debtor's assets under § 363(b) 'when a sound business purpose dictates such action"); *In re Martin*, 91 F.3d 389, 395 (3rd Cir. 1996); *In re Abbots Dairies of Penn., Inc.* 788 F.2d 143 (3rd Cir. 1986); *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2nd Cir. 1983).

4

19. The Court's power to authorize a sale under § 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case by case approach. *In re Baldwin United Corp*. 43 B.R. 905 (Bankr. S.D. Ohio 1984). The key consideration is the Court's finding that a good business reason exists for the sale. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986).

> *There must be some articulated business justification for using, selling or leasing the property outside the ordinary course of business . . . Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in Lionel, the Bankruptcy judge should consider all salient factors pertaining to the proceeding and accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the assets of the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.*

*In re Walter* 83 B.R. 14, 19-20 (9th Cir. Bankr. 1988) citing *In re Lionel Corporation*, 722 F. 2d 1063, 1070-71 (2nd Cir. 1983)

20. Once the Debtor articulates a valid business justification, "the business judgment rule 'is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action in the best interests of the company.'" *In Re S.N.A. Nut Co.* 186 B.R. 98 (Bonier. N. D. III. 1995) see also *In re Integrated Res., Inc.,* 147 B.R. at 656; *In re Johns-Manville Corp.,* 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a Debtor's management decisions") *First Republic Bank Corp. v. First Republic Bank.* 106 B.R. 938 (N.D.

5

Tex. 1989) (combined settlement/sale without auction); *Matter of Youngstown Steel Tank Co*. 27 B.R. 596 (D. Penn. 1983) combined settlement/sale without auction).

21. A court should exercise its discretion to approve a proposed § 363 sale after it determines "whether the proposed sale reflects the highest and best offer for the assets, whether negotiations were conducted at arms-length, and whether the sale is in the best interest of the estate and its creditors." Nicole Energy, 385 B. R. at 210.

22. In light of circumstances that precipitated the commencement of this Chapter 11 case, the Debtor, in its business judgment believes that a prompt sale of the Purchased Assets, pursuant to § 363(b) of the Code, will maximize the value of the Purchased Assets for the benefit of the Debtor's creditors and bankruptcy estate. Several sound business reasons support the Debtor's position.

23. Based on the results of its analysis of the Debtor's ongoing and future business prospects, the Debtor's management has concluded that a Sale of substantially all of Debtor's assets as a going concern, is the best method to maximize recoveries and ensure that the value of the Debtor's assets is maintained for the benefit of creditors and its estate. Maximization of asset value is a sound business purpose, warranting authorization of the Sale. After taking into account the disputes between the Parties that will be resolved as part of the proposed Sale and the avoidance of delay, the terms of the sales, represent the highest and best offer for the Purchased Assets.

24. The Debtor believes that the Purchased Price represents a fair value for the Purchased Assets. Additionally, by selling the Purchased Assets to the Buyers by private sale, the Debtor will avoid the significant administrative expenses associated with the approval and management of an auction process, as well as the costs of advertising and soliciting

bids from other parties where the Debtor believes that a reasonable offer has been made for the Purchased Assets by the Buyers. See F.R.B. P. 6004(f)(1).

25.  Finally, the timing of the Sale is critical, pursuant to the sales contracts the Closing of the Sale shall occur on or about August 31, 2016 (or in the alternative Seven (7) days following the Sale Order becoming a Final Order). To avoid the loss of Buyer's offer and to maximize the benefit to the Debtor's creditors and bankruptcy estate, it is important that the Debtor proceed with the sale as quickly as possible.

26.  As the court is well aware, the Debtor is also operating under limited funding, and has insufficient cash flow to continue the Debtor's operations. The Debtor's believes that the proposed Sale will provide a greater return to the Debtor's estate and its creditors than the liquidation of assets. For each of the forgoing reasons, the Debtor, in its business judgment, believes that a prompt sale of the Purchased Assets, pursuant to § 363(b) and (f) of the Bankruptcy Code, is in the best interest of the Debtor, its estate, creditors and other parties in interest.

27.  The sale of the property is being made free and clear of any interest in the Property held by any entity other than the estate pursuant to 11 U.S.C. §363(f) because either: (1) the applicable non-bankruptcy law permits the sale of the Property free and clear of such interests; (2) such entity consents to the sale; (3) such interest is a lien and the price at which the Property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceedings, to accept a money satisfaction of such interest.

28.  Creditor holds a first priority lien upon all of Debtor's assets, including the Purchased Assets. Liens will attach to the sale proceeds with the same validity and priority as

exist under state law pursuant to § 363(e) of the Bankruptcy Code, and consistent therewith, the net sales proceeds shall be paid to the Creditor for application towards pre-and post-petition financing.

29. The Sale of the Purchased Assets will satisfy § 363(f) of the Bankruptcy Code because any entities holding liens, claims, interests or encumbrances against the Purchased Assets will have received notice of the Sale. The Creditor consents to the Sale of the Purchased Assets, subject to the terms and conditions of the proposed Sales Order. All parties in interest, including creditor will be given sufficient opportunity to object to the relief requested herein and any such entity that does not object to the sale of the Purchased Assets should be deemed to have consented. See *Futuresource, LLC v. Reuters Ltd.* 312 F.3d 281, 285-86 (7th Cir. 2002) ("it is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but none of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent. It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold") *In re Tabone, Inc*. 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens claims and encumbrances satisfies § 363 (f)(2); *In re Elliot*, 94 B.R. 343, 345 (ED. Pa. 1988) (same). As such to the extent that no parties holding liens, claims, interests or encumbrances object to the relief requested in the Sales Order, the Sale of Purchased Assets free and clear of all liens, claims, interests and encumbrances except any liabilities expressly assumed by the Buyer satisfies § 363(f)(2) of the Bankruptcy Code.

30. Moreover, a sale of the Purchased Assets free and clear may proceed pursuant to § 363(f) of the Bankruptcy Code because creditors with an interest in the

Purchased Assets can be compelled to accept money satisfaction of their claims pursuant to §363(f)(5) of the Bankruptcy Code, or if other law (such as foreclosure law) provides for a sale free and clear. *See* Scherer v. Fed. Nat'l Mortgage Assoc. (*In re Terrace Chalet Apartments, Ltd.*) 159 B.R. 821, 829 (N.D. Ill. 1993) (holding that pursuant to §363(f)(5) of the Bankruptcy Code courts may authorize sales free and clear of a secured creditor's lien if such creditor's interest could be crammed down pursuant to §1129(b)(2) of the Bankruptcy Code); *In re Healthco Int'l. Inc*. 174 B.R. 174, 176 (Bankr. D. Mass. 1994) (same) *In re WPRV-TV, Inc*. 143 B.R. 315, 321 (D. P.R. 1991) vacated on other grounds. 765 B. R. 1 (1995), rev'd on other grounds, 983 F.2d 336 (1st Cir. 1993) (same). These courts have also held that, for purposes of § 363(f)(5), a "cram down" proceeding under §1129(b) of the Bankruptcy Code is a typical legal proceeding which compels a creditor to receive less than full money satisfaction: because a secured creditor may be compelled to accept payments equal only to the value of the collateral rather than the creditor's entire claim. Healthco, 174 B.R. at 176: WPRV-TV, 143 B.R. at 315. Therefore, this court may authorize the Sale pursuant to § 363(f)(5) of the Bankruptcy Code.

31.	The Debtor also believes that other provisions of § 363(f) of the Bankruptcy Code may be applicable to and would permit the sale of the Purchased Assets. Thus, the sale of the Purchased Assets is appropriately free and clear of all liens, claims, and encumbrances pursuant to § 363(f) of the Bankruptcy Code.

## REQUEST TO WAIVE THE TEN DAY STAY PERIODS REQUIRED BY RULES 6004(H) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

32.	Pursuant to Bankruptcy Rule 6004(h) unless the court orders otherwise, all orders authorizing the sale of property pursuant to § 363 of the Bankruptcy Code are automatically stayed for ten (10) days after entry of the order.

33. To preserve the value of the Purchased Assets and limit the costs of administering and preserving such assets, it is critical that The Debtor close the sales as soon as possible after all closing conditions have been met or waived. Accordingly, the Debtor hereby requests that the Court waive the 10 day stay period under B.R. 6004(h), The Debtor submits that the relief requested is necessary and appropriate, is in the best interests of the Debtor and the estate, and should be granted in all respects.

### **NOTICE OF MOTION; OPPORTUNTIY TO OBJECT**

34. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, (ii) counsel for the Lender, (iii) all parties who have filed a notice of appearance or otherwise requested notice in this chapter 11 case in accordance with the local rules and procedures; (iv) all persons or entities with a lien on, or security interest in, any of the Purchased Assets known to the Debtor; (v) all taxing authorities having any jurisdiction over any Purchased Assets including the Internal Revenue Service, (vi) the Buyers, (vii) all other creditors and parties in interest on the mailing matrix in this case. Because of the exigencies of the circumstances and the irreparable harm to the Debtor that will ensue if the relief requested herein is not granted, the Debtor submits that no other notice need be given.

35. The Debtor submits that the Sale of the Purchased Assets, is appropriate and in the best interest of the Debtor, its estate and creditors.

WHEREFORE, the Debtor respectfully requests that this Court: (i) at the conclusion of a Sale hearing, enter the Sale Order:

A. granting Debtor the authority to sell the Purchased Assets to the Buyers by private sales for the total amount of $783,000.00, free and clear of all liens, claims and encumbrances,

B. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Date:   August 30, 2016          By:     */s/Robert B. Davis*
                                         Robert B. Davis, Esq. (NJ:001482005
                                         Davis Law Center, LLC
                                         48 Van Buren Street, 2nd Floor
                                         Newark NJ 07105
                                         T:(917) 315-7566
                                         F:(973) 850-3064
                                         rob@davislawcenterllc.com
                                         **COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION**