**Order Filed on September 23, 2016 by Clerk U.S. Bankruptcy Court District of New Jersey**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: <br><br> **GEI HOLDINGS, LLC,** <br><br> Debtor. | Case No.:  16-24991 (JKS) <br><br> Judge:  Hon. John K. Sherwood |

## ORDER AUTHORIZING SALE OF REAL PROPERTY

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: September 23, 2016**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

**Page 2**
Debtor: GEI Holdings, LLC
Case No.:  16-24991 (JKS)
Caption of Order: **Order Authorizing Sale of Real Property**

This matter having come before the Court on the Motion of the Debtor, GEI Holdings, for entry of an Order authorizing the sale of real property located at 137-139 Carolina Avenue, Irvington, New Jersey 07111, 229 Columbia Avenue, Irvington, New Jersey 07111, and 140-142 Huntington Terrace, Newark, New Jersey 07112 (collectively the "Real Property") free and clear of all liens, claims, and encumbrances; and the Court having reviewed the pleadings and opposition filed by the Secured Creditor, Wilmington Trust National Association as Trustee on behalf of the holders of B2R Mortgage Trust 2015-1 Mortgage Pass-Through Certificates ("Wilmington Trust"), and having heard the arguments of counsel, and for good cause shown, it is:

**ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363 and 105;

2. At closing, Wilmington Trust shall provide a letter advising the third-party purchaser that its lien will attach to the sale proceeds;

3. The proceeds of the sale must be used to satisfy Wilmington Trust's lien on the Real Property, unless it is otherwise avoided by Court Order.  Until such satisfaction, the property is not free and clear of the lien and the sale will not be valid.

4. The amount claimed as exempt may be paid to the Debtor;

5. A copy of the HUD settlement statement must be forwarded to Wilmington Trust at least a day before the sale closes;

6. A separate application for the retention of professionals and for fees and costs incurred by

    the Debtor in the sale of the Real Property must be filed;

7. All rents having been utilized by the Debtor during the pendency of this bankruptcy, to which Wilmington Trust was legally entitled, must be accounted for by the Debtor and the accounting provided to Wilmington Trust; and

8. All rents collected from September 13, 2016 onward shall be turned over to Wilmington Trust (minus agreed upon tax, insurance and property maintenance expenses) immediately and on an ongoing basis.